IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LAKEISHA OWENS, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF AHMONTE D. MCDONALD                      PLAINTIFF

V.                                          CIVIL ACTION NO.   2:20-cv-141-KS-MTP

EDDIE MCDONALD; JAMES R. BRESLOVE;
RYDER INTEGRATED LOGISTICS, INC.;
JOHN DOES 1-99                                            DEFENDANTS

## JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants James R. Breslove and Ryder Integrated Logistics, Inc. (collectively, "Ryder") hereby remove this action from the Circuit Court of Jones County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Eastern Division.  This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq*. based on diversity of citizenship.

This is the second removal of this action.  Ryder previously removed based on improper joinder, and this Court *sua sponte* remanded, instructing that Ryder was "free to remove the case again" if and when the parties were re-aligned.  That has now occurred.  On July 2, 2020, the state court entered an Order realigning the parties, and there is now complete diversity of citizenship[1].  This removal is timely because it is filed within 30 days of the state court's order realigning the parties, and because, as stated by the state court, Plaintiff has acted in bad-faith to prevent removal.  *See* 28 U.S.C. §§ 1446(b)(3), (c)(1).  In support of removal, Ryder states:

---

[1] Ryder will ask that this Court issue an Order requiring Plaintiff to file an Amended Complaint reflecting the realignment of the parties.

I.      **FACTUAL AND PROCEDURAL HISTORY.**

1.      At approximately 3:30 a.m. on June 11, 2018, the decedent, Ahmonte McDonald, was operating a 2003 Dodge van, which apparently became inoperable in the middle lane of Interstate 59, near Laurel, Mississippi.  *See* Compl. [Doc. #2] at 2, ¶¶ 11, 13, Ex. A.  While McDonald was outside his vehicle pushing it down Interstate 59, McDonald's vehicle was struck by a tractor-trailer operated by Defendant Breslove, Defendant Ryder's employee.  McDonald died as a result of the collision.  *Id.* at ¶ 16.

2.      Ahmonte McDonald's mother, Lakeisha Owens, filed this Complaint on November 5, 2018, individually and on behalf of "all wrongful death beneficiaries of Ahmonte D. McDonald."  Compl., Ex. A.

3.      In her Complaint, Plaintiff named as a defendant Eddie McDonald, Ahmonte McDonald's father and a fellow wrongful death beneficiary.  *See id.*

4.      Plaintiff did not allege any claim for liability against Defendant Eddie McDonald, but rather asserted a highly unusual "declaratory judgment" claim against him.  Specifically, the Complaint sought a "declaration" that Plaintiff did not cause or contribute to the decedent's death.  *See id.* at ¶¶ 23-28.

5.      On December 19, 2018, Ryder removed this matter to the United States District Court for the Southern District of Mississippi, alleging that Defendant Eddie McDonald was improperly joined.  *See* Joint Notice of Removal, Ex. B.

6.      On January 17, 2019, Plaintiff filed a Motion to Remand. *See* Pl.'s Mot. to Remand to State Court, Ex. C.  Shortly thereafter, the parties engaged in discussions regarding Plaintiff's unusual "declaratory judgment" claim and the Motion to Remand. Plaintiff and Ryder agreed that Plaintiff would withdraw her motion to remand, and

would amend her Complaint to dismiss the declaratory judgment claim against McDonald and to realign McDonald as a plaintiff, so that this matter could proceed and be litigated in Federal Court.

7.      To that end, on February 15, 2019, Plaintiff and Ryder filed a joint motion to withdraw Plaintiff's Motion to Remand, in which Plaintiff represented that she would amend her complaint to "resolve jurisdictional issues contained therein."  *See* Joint Mot. to Withdraw Mot. to Remand, Ex. D.

8.      On February 15, 2019, McDonald – who is represented both as a Defendant and a Plaintiff by the same attorney[2] – filed a motion to dismiss in federal court.  *See* McDonald's Mot. to Dismiss, Ex. F; McDonald's Mem. in Support of Mot. to Dismiss at 1-2, Ex. G.   In that motion, McDonald sought dismissal of Plaintiff's declaratory judgment claim against him, asserting that Plaintiff's claims failed to state a claim upon which relief can be granted.  *Id.*  Notably, McDonald argued that Plaintiff's declaratory judgment claim was improper because it ran afoul to Mississippi Code Ann. § 85-5-7(5), which governs the trier of fact's duty to apportion fault of joint tortfeasors. *Id.* at 2.  McDonald argued that the apportionment of fault statute "**clearly prohibits the cause of action asserted by Owens against McDonald in this suit**."   *Id.* Additionally, McDonald's Motion to Dismiss requested that the "pleadings be reformed to reflect Eddie McDonald as a named plaintiff."  *Id.*

9.      On March 1, 2019, Plaintiff filed a Motion for Leave to file an Amended Complaint.  *See* Pl.'s Mot. for Leave to File Amended Compl., Ex. H.  In accordance

---

[2] Counsel for McDonald, Kannan Stubbs, has filed an entry of appearance on behalf of Eddie McDonald as a "Defendant" and also represents McDonald as a Plaintiff/wrongful death beneficiary.  *See* Ex. E.

with the parties' agreement, Plaintiff represented that the parties had reached an agreement as to the "controversy" between Plaintiff and McDonald:

> "Subsequent to filing her motion to remand, **all parties have reached agreement that there is <u>no basis for liability on [Plaintiff]'s part</u>** and that, accordingly, **<u>Mr. McDonald may be realigned as a plaintiff, enabling this case to proceed in federal court.</u>**"

*Id.* at 2, ¶ 4 (emphasis added).  In support of her motion, Plaintiff attached a proposed Amended Complaint, in which Plaintiff removed the declaratory judgment claim against McDonald and realigned him as a plaintiff.  *Id.*, Ex. 1.

10.     On March 26, 2019, Hon. Judge Starrett entered an Order in which he granted the parties' joint motion to withdraw Plaintiff's motion to remand and, *sua sponte*, remanded this case to State Court, finding no misjoinder.  *See* March 26, 2019 Order, Ex. I.  Judge Starrett specifically addressed the parties' agreements and the representations made in Plaintiff's motion for leave to amend her Complaint:

> Plaintiff "acknowledges[d] the jurisdictional issues resulting from the claims asserted in her Complaint and . . . **<u>agreed to file a motion for leave to amend her complaint</u>** . . . to resolve the jurisdictional issues . . . ."  Two weeks later, Plaintiff filed a motion for Leave to File Amended Complaint [], **<u>representing</u>** that all parties to the case **<u>agreed that McDonald should be realigned as a plaintiff</u>**.

*Id.* at 2 (emphasis added).  Critically, Judge Starrett noted that Ryder was "free to remove the case again" if and when the parties are re-aligned.  *Id.* at 5.

11.     Once in state court, Plaintiff and Mr. McDonald immediately changed their tune.  Despite her prior representations to opposing counsel and the Federal Court that there was "no basis for liability" and that the declaratory judgment action should be dismissed, Plaintiff asserted that she would continue to assert her "declaratory judgment" action.

12.     Likewise, contrary to his prior pleadings, Mr. McDonald indicated that he would not re-file his motion to dismiss the declaratory action against him.

13.     On November 18, 2019, Ryder filed a Motion to Compel Amendment to Plaintiff's Complaint and, in the Alternative, Motion to Realign Parties.  *See* Ex. J, Defs.' Motion; Ex. K, Memorandum in Support.

14.     On July 2, 2020, the state court entered an Order Granting Ryder's Motion to Realign Parties, Ex. L.  In its Order, the court noted:

> [A]t the hearing on the subject motion, the Court inquired as to whether the Defendant McDonald had pursued any claim of fault/negligence on the part of the Plaintiff, through pleadings, discovery or otherwise.   Both parties verified that he had not, and the attorney for McDonald affirmatively stated to the Court that Mr. McDonald was not alleging any fault/negligence on the part of the Plaintiff in causing the death of Ahmonte McDonald.

*Id.* at 3.

15.     Accordingly, the Court found that "there is no claim of negligence on the part of the Plaintiff Owens" and "the interests of McDonald and Owens are the same, and the Court has concluded that this case should not go forward with the Plaintiff's request for declaratory relief continuing to be an issue."  *Id.* at 4.   The court also observed that **"[I]t is rather obvious at this point that the only reason for the request for declaratory relief to continue to be a part of this litigation is to defeat the diversity of citizenship of the parties."**  *Id.* at 6.  The court therefore dismissed the declaratory judgment action, and realigned Eddie McDonald as a Plaintiff and wrongful death beneficiary.  *Id.*

## II.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(a).

16.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Now properly aligned, this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.     The amount in controversy requirement is satisfied.**

17.     The amount in controversy requirement is satisfied because it is facially evident, by a preponderance of the evidence, that Plaintiff has placed an amount in excess of $75,000.00, exclusive of interest and costs, at issue.   28 U.S.C. § 1446(c)(2)(b); *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

18.     Although the Complaint does not specify the exact dollar amount of damages sought, Plaintiff seeks an unspecified amount of wrongful death damages for Ahmonte McDonald and his beneficiaries, including but not limited to damages for the following:

a.     Funeral expenses;

b.     Past, present, and future pain and suffering;

c.     Past, present, and future emotional distress and mental anguish;

d.     Past, present, and future loss of enjoyment of life;

e.     Past, present, and future lost wages and lost wage-earning capacity;

f.     Past, present, and future loss of household services and financial support;

g.     Loss of love;

h.     Loss society and companionship; and grief.

Compl. at 6, ¶¶ 37-38.

19.     Therefore, the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy threshold was met where plaintiff alleged

damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss wages and earning capacity, and permanent disability and disfigurement."); *Mehrtens v. America's Thrift Stores, Inc.*, Civil No. 1:10cv534-HSO-JMR, 2011 WL 2111085, at *3 (S.D. Miss. May 26, 2011) (holding that it was "facially apparent" from the complaint that the claims "probably exceed $75,000" where plaintiff's alleged injuries included "great physical pain, past, present, and future; great mental and emotional suffering and anxiety, past, present and future; loss of income; medical expenses; severe fright and shock; and loss of enjoyment of life, past, present and future."); *Stewart v. Glenburney Healthcare*, CIVA508CV270DCBJMR, 2008 WL 5412311, at *1 n.1 (S.D. Miss. Dec. 23, 2008) (amount in controversy facially exceeded $75,000 in wrongful death action); *Perkins v. McComb Extended Care, LLC*, 3:09-CV-588-WHB-LRA, 2010 WL 11682530, at *2 (S.D. Miss. Apr. 21, 2010) (same).[3]

**B.     There is complete diversity of citizenship.**

20.     Plaintiff, Lakeisha Owens, is a resident and, upon information and belief, citizen of the State of Mississippi. *See* Compl. at 1, ¶ 2.

21.     Eddie McDonald, now after realignment a Plaintiff in this action, is a resident and, upon information and belief, citizen of the State of Mississippi. *See id.* at ¶ 4.

---

[3] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied.  The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining the Act).

22.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ryder Integrated Logistics, Inc. is a citizen of the states of Delaware and Florida because it is organized under the laws of the State of Delaware, with its principal place of business in Florida. Therefore, Ryder is not a citizen of the State of Mississippi for diversity jurisdiction purposes.

23.     Defendant James R. Breslove is a resident and citizen of the State of Texas.

24.     The citizenship of the John Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. *See* 28 U. S. C. § 1441(b) ("[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

25.     Accordingly, there is complete diversity of citizenship under 28 U.S.C. § 1332(a).

## III.   THIS NOTICE OF REMOVAL IS TIMELY.

26.     Removal is timely because it is filed within 30 days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3). Specifically, this notice of removal is filed within 30 days of the state court's July 2, 2020 Order dismissing the declaratory judgment action and realigning Eddie McDonald as a Defendant. *See* Ex. L.

27.     Removal is also timely under 28 U.S.C. § 1446(c)(1). Section 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of

jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The Federal Courts Jurisdiction and Venue Clarification Act of 2011 codified the bad faith exception following the Fifth Circuit's equitable exception to the 1-year limitation period as set forth in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). *See* H.R. Rep. No. 112-10, at 15 (2011).

28.    As the Fifth Circuit held in *Tedford*, "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its right, equity may require that the one-year limit in § 1446(b) be extended." *Tedford*, 327 F.3d at 428-29 (holding equitable exception to one-year removal bar applied where plaintiff amended petition to add a different nondiverse defendant upon learning that defendants intended to remove, then after removal and remand, non-suited the defendant without diligently pursuing the claim after the one-year deadline had passed).

29.    Courts across the country, including district courts in this Circuit, have applied *Tedford* or Section 1446(c)(1) to preclude Plaintiff from engaging in manipulative tactics designed with the sole purpose of defeating removal.[4]

---

[4] *See, e.g.*, *Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (bad faith exception applicable where plaintiff "consistently failed to take steps to prosecute her claims against [the non-diverse defendant], including failing to serve him with discovery requests or noticing his deposition, and failing to seek a default judgment when [the non-diverse defendant] failed to timely answer the petition"); *Cousins v. Wyeth Pharm., Inc.*, 2008 U.S. Dist. LEXIS 121843, at *5-6 (N.D. Tex. Apr. 18, 2008) (Godbey, J.) (holding equitable exception applicable where plaintiff failed to serve expert reports against nondiverse defendants and, following first remand, nonsuited the non-diverse defendant); *Elsholtz v. Taser Int'l*, 410 F. Supp. 2d 505, 506-07 (N.D. Tex. 2006) (Means, J.) (denying remand and finding that *Tedford*'s exception applied to permit removal where the plaintiff did not join diverse defendant until four months after filing suit, continually pressed for continuances, and then nonsuited the non-diverse defendant after the one-year deadline); *Davis v. Merck*

30.     The Southern District of Texas's decision in *DeLeon v. Tey* is instructive. *DeLeon v. Tey*, 7:13-CV-439, 2013 WL 7157957 (S.D. Tex. Dec. 4, 2013).  There, the court found bad faith based, in part, on collusion between plaintiff and defendant.  The court held that bad faith was shown where "Plaintiffs have brought precious little ammunition to their legal battle against [the in-state physician] Dr. Tey. Their pleadings say they allege wrongdoing, but their evidence does not make good on that allegation." *Id.*  Likewise, it was evidence of bad-faith that the in-state physician had never asserted an "iron-clad" defense that would have resulted in his dismissal, *id.* at *4, finding that "Dr. Tey . . . has not used this argument. On the DeLeon-Tey front, the guns are silent. Why Dr. Tey remains in the case can be explained only one way; he remains silent in collusion with Plaintiffs to prevent removal to this Court."  *Id.* (footnote omitted.).

31.     There is plain bad-faith here, where the Plaintiff has sued a fellow wrongful death beneficiary to assert a baseless "declaratory action" to declare that she is not liable, even though there was no claim whatsoever on the part of Mr. McDonald

---

*& Co., Inc.*, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005) ("[W]hile there is not a direct admission of manipulation . . . the evidence does establish Plaintiff's attempt to circumvent the target defendant's valuable right to a federal forum. Plaintiff's consistent failure to take the first step required by Texas statute to prosecute her claims against Dr. Haeckler, over a period of approximately eighteen months, leads to the conclusion that she never intended to pursue, or at the least voluntarily abandoned, her claims against Dr. Haeckler"); *Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC*, 2012 U.S. Dist. LEXIS 28184 (W.D. La. Mar. 2, 2012) (holding equitable exception applied where plaintiff settled with nondiverse defendants but did not inform defendants, noting that "Our failure to equitably toll here would publish a most unacceptable blueprint for plaintiffs to deprive defendants of their right to remove under otherwise appropriate circumstances"); *Nelson v. Rite Aid Corp.*, No. 05-0173, 2006 U.S. Dist. LEXIS 60796, 2006 WL 2474005, at *3 (S.D. Miss. 2006) ("*Tedford* protection is implicated where plaintiffs are vague in pleading damages and non-responsive in answering jurisdiction-related discovery."); *Barnes v. Janssen Pharmaceutica, Inc. (In re Propulsid Prods. Liab. Litig.)*, 2007 U.S. Dist. LEXIS 42675, 3-4 (E.D. La. June 5, 2007)  ("The Plaintiff delayed dismissal of all non-diverse Defendant healthcare providers until . . .  over three years after her suit was filed.. . . .  Plaintiff served no discovery on the Defendant healthcare providers, none of their depositions were ever taken, and the Plaintiff never identified any experts to offer opinions again them. The Plaintiff has not given any justifiable reason for dismissing these non-diverse Defendants over three years after suit was filed."); *Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F. Supp. 945, 950-51 (S.D.Miss.1995) (holding plaintiff equitably estopped from asserting deadline where there was bad-faith forum manipulation).

that she was, nor any reasonable expectation that he ever would assert such a claim against his co-beneficiary.  As the state court judge observed:

> [A]t the hearing on the subject motion, the Court inquired as to whether the Defendant McDonald had pursued any claim of fault/negligence on the part of the Plaintiff, through pleadings, discovery or otherwise.  Both parties verified that he had not, and the attorney for McDonald affirmatively stated to the Court that Mr. McDonald was not alleging any fault/negligence on the part of the Plaintiff in causing the death of Ahmonte McDonald.

*Id.* at 3.  The court also observed that **"[I]t is rather obvious at this point that the only reason for the request for declaratory relief to continue to be a part of this litigation is to defeat the diversity of citizenship of the parties."**  *Id.* at 6.

32.     Bad-faith is further shown by the Plaintiff's and Mr. McDonald's actions once they apparently believed the case would be in federal court following Ryder's first removal of this action.  Plaintiff agreed in federal court "**that there is <u>no basis for liability on [Plaintiff]'s part</u> and that, accordingly, <u>Mr. McDonald may be realigned as a plaintiff, enabling this case to proceed in federal court.</u>**"   Ex. H at 2, ¶ 4 (emphasis added).  But once back in state court, Plaintiff reneged on that representation and stated she would pursue the baseless declaratory action.

33.     Similarly, Mr. McDonald only pursued his motion to dismiss when he was in federal court after Ryder's first removal of this action, but not in state court.  In the Motion to Dismiss filed in federal court, McDonald argued that the apportionment of fault statute "**clearly prohibits the cause of action asserted by Owens against McDonald in this suit**."  Ex. G.  Despite making these claims in federal court, after the District Court *sua sponte* remanded the case, Mr. McDonald did not further pursue that motion, despite having an iron-clad defense.

34.    The state court judge was correct.  The only reason for Plaintiff to have named Mr. McDonald as a defendant was to defeat diversity and keep the case in state court.  This removal is therefore timely under 28 U.S.C. § 1446(c)(1).

## IV.    THE VENUE AND PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

35.    The Circuit Court of Jones County, Mississippi, Second Judicial District, is located within the United States District Court for the Southern District of Mississippi, Eastern Division, and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."  *See also* 28 U.S.C. § 104(b)(3).

36.    Pursuant to Local Civ. R. 5(b), Ryder will file a copy of the entire state court record within 14 days of the date of this removal.  Ryder attaches hereto the entire federal court record from the first removal of this action.  *See* Ex. M.

37.    Immediately following the filing of this Joint Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

38.    Ryder will promptly file a copy of this Notice with the Clerk of the Circuit Court of Jones County, Mississippi, Second Judicial District, as required by 28 U.S.C. § 1446(d).

39.    By removing this action to this Court, Ryder does not waive any defenses, objections, or motions available under state or federal law.

WHEREFORE, Ryder James R. Breslove and Ryder Integrated Logistics, Inc. give notice that the matter bearing civil action number 2018-73-CV11, in the Circuit Court of Jones County, Mississippi, Second Judicial District, is removed to this Court

pursuant to 28 U.S.C. § 1441 *et seq*.   Defendants James R. Breslove and Ryder Integrated Logistics, Inc. request that this Court retain jurisdiction for all further proceedings in this matter.

THIS the 31st day of July, 2020.

Respectfully submitted,

JAMES R. BRESLOVE AND RYDER INTEGRATED LOGISTICS, LLC

By: s/ Arthur D. Spratlin, Jr.
ARTHUR D. SPRATLIN, JR., MB # 9035
JONATHAN H. STILL, MB #104678

THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel:  601-985-4568 (ADS)
Tel:  601- 985-4434 (JHS)
Fax:  601-985-4500
Email:  art.spratlin@butlersnow.com
Email:  jon.still@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Arthur D. Spratlin, Jr., one of the attorneys for Defendants, hereby certify that I

electronically filed the foregoing with the Clerk of the Court using the using the Court's

ECF system, which sent notification of such filing to the following counsel of record:

Alvin A. Armistad, Esq.
Schwartz & Associates, P.A.
162 East Amite Street
Jackson, MS 39201

Kannan Stubbs, Esq.
Terrell Stubbs, Esq.
The Stubbs Law Firm, PLLC
201 Main Avenue North
Magee, MS 39111

SO CERTIFIED, this the 31st day of July, 2020.


                                        s/ Arthur D. Spratlin, Jr.
                                        ARTHUR D. SPRATLIN, JR.

14

53976676.v1