IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

| | |
|---|---|
| LAKEISHA OWENS, INDIVIDUALLY AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF AHMONTE D. MCDONALD | PLAINTIFF |
| V. | CIVIL NO. 2018-73-CVI1 |
| EDDIE MCDONALD; JAMES R. BRESLOVE; RYDER INTEGRATED LOGISTICS, INC.; JOHN DOES 1-99 | DEFENDANTS |

COMPLAINT
(Jury Trial Requested)

COMES NOW Lakeisha Owens, individually and on behalf of all wrongful death beneficiaries of Ahmonte D. McDonald, by and through counsel, and files this complaint against Eddie McDonald; James R. Breslove; Ryder Integrated Logistics, Inc.; and John Does 1-99, and would show the following in support thereof:

PARTIES

1. Ahmonte McDonald ("Ahmonte") was a minor resident of Simpson County, Mississippi, when he departed this life on or about June 11, 2018.

2. Lakeisha Owens is an adult resident of Simpson County, Mississippi.

3. Ms. Owens is the mother and a wrongful death beneficiary of Ahmonte.

4. Eddie McDonald ("Mr. McDonald") is an adult resident of Simpson County, Mississippi, who may be served with process at 210 East Simpson Avenue, Mendenhall, Mississippi 39114.

5. Mr. McDonald is the father and a wrongful death beneficiary of Ahmonte.

6. James R. Breslove is an adult resident of Harris County, Texas, who may be served

EXHIBIT A

FILED
NOV 0 5 2018
CONCETTA BROOKS
CIRCUIT CLERK
JONES COUNTY, MS

with process at 112 Amundsen Street, Houston, Texas 77009.

7. Ryder Integrated Logistics, Inc. ("Ryker") is a Delaware corporation principally located at 11690 N.W. 105 Street, Miami, Florida 33178, that may be served with process through its registered agent, Corporate Creations Network, Inc., 232 Market Street, Flowood, Mississippi 39232.

8. John Does 1-99 are persons and/or entities whose identities and/or involvement in the accident are unknown to Plaintiff upon filing this complaint.

## JURISDICTION AND VENUE

9. This court has jurisdiction over the parties and subject matter.

10. Venue is proper in Jones County (Second Judicial District), where the accident that is the subject of this lawsuit occurred.

## STATEMENT OF FACTS

11. On or about June 11, 2018, Ahmonte operated a white 2003 Dodge van traveling south on I-59, near Exit 95C, in Laurel, Mississippi.

12. At the same time and place, Mr. Breslove operated a 2015 Freightliner truck traveling south on I-59, behind Ahmonte.

13. On information and belief, the white Dodge van became inoperable.

14. On information and belief, Ahmonte exited the white Dodge van, and began to push the white van toward the shoulder of the highway.

15. Mr. Breslove carelessly, recklessly, and negligently rear-ended the white Dodge van, causing a collision involving Mr. Breslove's truck, Ahmonte, and the white van.

16. Ahmonte died because of the accident.

17. Laurel Police Officer Michael Washington investigated the accident and filed the

uniform crash report.

18. Officer Washington reported that Mr. Breslove contributed to the collision because he was "following too closely."

19. Ms. Owens was the owner and registered owner of the Dodge van operated by Ahmonte at all relevant times.

20. Ms. Owens entrusted her van to Ahmonte prior to the accident.

21. On information and belief, Mr. Breslove was an employee of Ryder – or, alternatively was Ryder's agent, representative, or otherwise worked on behalf of Ryder, within Ryder's direction and control – at all relevant times.

22. On information and belief, Mr. Breslove acted within the course and scope of his employment or other engagement with Ryder at all relevant times.

## COUNT I. DECLARATORY JUDGMENT

23. Ms. Owens restates this entire complaint.

24. Ms. Owens seeks declaratory relief against Eddie McDonald and all other wrongful death beneficiaries of Ahmonte, as described in the following paragraphs:

25. Ms. Owens respectfully requests that the court declare the rights, status, obligations, and legal relations, by and among the various parties to this lawsuit, arising from the above-described accident.

26. Ms. Owens respectfully requests that the court declare that she bore no responsibility for the above-described accident by entrusting her vehicle to Ahmonte, because she reasonably believed that her van was suitable to entrust to Ahmonte under the circumstances occurring before the accident, and that Ms. Owens therefore owes no liability to Mr. McDonald or to any other wrongful death beneficiary of Ahmonte for the wrongful death of Ahmonte.

27. Ms. Owens respectfully requests that the court declare that she bore no responsibility for the above-described accident because she did not fail to warn Ahmonte of any hidden dangers she knew or should have known about her van before she entrusted the van to Ahmonte prior to the accident, and that Ms. Owens therefore owes no liability to Mr. McDonald or to any other wrongful death beneficiary of Ahmonte for the wrongful death of Ahmonte.

28. Ms. Owens respectfully requests that the court declare that she bore no responsibility for the above-described accident because she did not breach any duty owed, did not fail to perform anything she was responsible to do, and did not commit any tortious act with respect to the accident that is the subject of this lawsuit, and that Ms. Owens therefore owes no liability to Mr. McDonald or to any other wrongful death beneficiary of Ahmonte for the wrongful death of Ahmonte.

## COUNT II. MOTOR VEHICLE NEGLIGENCE

29. Ms. Owens restates this entire complaint.

30. Mr. Breslove owed the following duties:

   a. The duty to keep such lookout as an ordinary and prudent person would keep for his safety and the safety of others under the conditions existing before and at the time and place of the accident.

   b. The duty to maintain proper control of his vehicle at all times and thus avoid injuring others or damaging their property.

   c. The duty to pay attention to the road ahead of him.

   d. The duty to have decreased his speed.

   e. The duty to have made a reasonable effort to have operated his vehicle in a manner that would not have caused an accident.

  f. The duty not to have operated his vehicle at a dangerous and excessive speed under the conditions existing before and during the accident.

  g. The duty not to have operated his vehicle in a careless and reckless manner under the conditions existing before and during the accident.

31. Mr. Breslove failed to perform and violated or breached all and singularly the duties he owed as set forth in the preceding paragraphs, and such failure, violation, and breach constituted negligence on his part.

## COUNT III. VICARIOUS LIABILITY

32. Ms. Owens restates this entire complaint.

33. Ryder is responsible for liabilities incurred by Mr. Breslove within the course and scope of his employment and/or engagement with Ryder.

## COUNT IV. NEGLIGENT HIRING/RETENTION/ENTRUSTMENT

34. Ms. Owens restates this entire complaint.

35. Ryder owed the following duties:

  a. The duty to hire and retain qualified drivers to operate its vehicles.

  b. The duty to screen prospective and employed truck drivers for driving records rending such drivers unsuitable to operate its vehicles.

  c. The duty to prevent truck drivers with vision, reflex, or other physical impairments from operating its vehicles.

  d. The duty to properly maintain its vehicles and perform necessary repairs prior to entrusting them to any driver for placement into service.

  e. The duty to train its truck drivers appropriately to prevent accidents such as the collision that is the subject of this lawsuit.

  f.  The duty to implement reasonable policies and procedures designed to prevent accidents such as the collision that is the subject of this lawsuit.

36. Ryder failed to perform and violated or breached all and singularly the duties it owed as set forth in the preceding paragraphs, and such failure, violation, and breach constituted negligence on Ryder's part.

## DAMAGES

37. Ahmonte; Ahmonte's wrongful death beneficiaries, including Ms. Owens; and Ahmonte's estate, as a direct and proximate result of the negligence and breaches of legal duties described above, has suffered and will suffer damages, including, but not limited to:

  a.  Funeral expenses.

  b.  Past, present, and future pain and suffering.

  c.  Past, present, and future emotional distress and mental anguish.

  d.  Past, present, and future loss of enjoyment of life.

  e.  Past, present, and future lost wages and lost wage-earning capacity.

  f.  Past, present, and future loss of household services and financial support.

38. Ahmonte's wrongful death beneficiaries, including Ms. Owens, as a direct and proximate result of the negligence and breaches of legal duties described above, suffered damages including but not limited to:

  a.  Loss of love.

  b.  Love of society and companionship.

  c.  Grief.

## PRAYER FOR RELIEF

39. Wherefore, Ms. Owens respectfully requests that the court declare the rights, status,

obligations, and legal relations, by and among the various parties to this lawsuit, arising from the accident that is the subject of this lawsuit..

40. Further, Ms. Owens respectfully requests that the court declare that she was not at fault for the accident, either in whole or in part, and that Ms. Owens therefore owes no liability to Mr. McDonald or to any other wrongful death beneficiary of Ahmonte for the wrongful death of Ahmonte.

41. Further, Ms. Owens, individually and on behalf of all wrongful death beneficiaries demands a judgment of, from, and against the defendants, in an amount within the jurisdictional limits of this court, to be determined at the trial of this cause, plus interest from the filing date of the original complaint, and all costs of court.

RESPECTFULLY SUBMITTED, this 25th day of October 2018.

LAKEISHA OWENS, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF AHMONTE
D. MCDONALD

_____
Alvin A. Armistad (MS 100992)
Schwartz & Associates, P.A.
162 East Amite Street
Jackson, Mississippi 39201
*Attorney for Lakeisha Owens*